402 A.2d 544

**COMMONWEALTH of Pennsylvania**

**v.**

**Paul Patrick HAVRILLA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided April 27, 1979.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Michael D. Melie, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

On January 30, 1976, appellant pleaded guilty to two counts charging him with delivery of a controlled substance; namely, marijuana.[1] Appellant was ordered to pay fines and court costs, and placed on probation for three years on each count, sentences to run concurrently. On October 7, 1977, a hearing was held before the Honorable W. Hensel Brown to determine whether appellant's probation should be revoked. Following testimony, the court below revoked appellant's probation and sentenced him to a term of imprisonment of not less than one nor more than two years. Appellant subsequently filed this appeal in which he contends that the court below abused its discretion in imposing the above sentence.[2] We disagree.

The purpose of probation is to impose a sanction for criminal conduct while simultaneously orienting the defendant to successful community living, rather than incarcerat-

1. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13(30), *as amended,* 35 P.S. § 780–113(30).

2. Appellant does not contend that the procedural aspects of the hearing were in any way deficient.

ing him in the atypical and artificial environment of prison. *See Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975). To guide the courts in dispensing such punishment, and to encourage its use, the legislature has enumerated specific factors to be accorded weight at the time of sentencing. *See* 18 Pa.C.S. § 1322. Nevertheless, although probation is a preferred form of punishment, *Commonwealth v. Davis, supra,* when it becomes apparent that the probationary order is not serving the desired end, the court's discretion in imposing a more appropriate order should not be fettered. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973). *See* 18 Pa.C.S. § 1371 ("The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.")

Instantly, the testimony presented at the revocation hearing amply evidenced the failure of the probationary program to achieve its desired end. The probation violation summary available to the court below indicates that on July 3, 1977, appellant was admitted to the De-tox unit of St. Joseph's Hospital in Lancaster, but was discharged the following day at his own insistence and contrary to the advice of the alcohol counselor at the Lancaster Guidance Clinic. On August 18, 1977, he was arrested and charged by the Lancaster police with disorderly conduct and resisting arrest. This action precipitated an order on September 15, 1977, requiring appellant to be transported to White Deer Run, Allenwood, to engage in an alcohol rehabilitation program. Appellant acceded to this being made a special condition of probation. Two weeks later, however, on September 28th, appellant was terminated from the program with an indication that he had been given a "disciplinary and unamenable discharge."

At the revocation hearing, appellant emphasized that he had been employed since being placed on probation, and that he had paid a substantial amount of the fine originally imposed by the court. Indeed, the probation officer conceded that appellant was occasionally employed. Nevertheless, responding to appellant's request to be admitted to an Outmate Program, the officer noted that,

"he [appellant] has other problems, and he has had problems in the pas [*sic*] with alcohol, with drugs, and I feel that he has some psychological problems that need to be worked with, and I am not sure that he would receive that kind of treatment being on the Outmate Program." N.T. P.V. at 7.

In light of this record, we believe that it would be improvident to interfere with the discretion of the court below. Appellant has demonstrated his momentary inability to function reasonably in society. It would be inappropriate to continue probation given such a situation.

The judgment of sentence is therefore affirmed.

SPAETH, J., files a dissenting statement in which CERCONE, President Judge, joins.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

The lower court here abused its discretion in revoking appellant's probation and imposing total confinement. *See* 18 Pa.C.S. § 1371(c).

CERCONE, President Judge, joins in this dissenting statement.